# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES MCCORMICK,

      Plaintiff,

  v.

LIFE INSURANCE COMPANY OF NORTH AMERICA,

      Defendant.

Civil Action No. __2:26-cv-__3606

## COMPLAINT

1. Plaintiff James McCormick brings this action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"), against Defendant Life Insurance Company of North America to recover short-term disability benefits wrongfully denied under an employee welfare benefit plan sponsored by BAE Systems, Inc. (the "Plan"). This action arises under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Plaintiff reserves all rights and remedies available under ERISA § 502(a) and ERISA § 502(g), 29 U.S.C. § 1132(a), (g).

2. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States.

3. This Court also has subject-matter jurisdiction under ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

4. Venue is proper in this District under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391(b)(1). Defendant maintains an office and conducts business at 50 South 16th

Street, Two Liberty Place, Philadelphia, Pennsylvania 19102, and therefore may be found in this District within the meaning of 29 U.S.C. § 1132(e)(2).

5. Plaintiff James McCormick is a natural person residing at 2308 Haywood Avenue, Chesapeake, Virginia 23324. During the period of coverage relevant to this action, Plaintiff was employed by BAE Systems, Inc. and was a participant in the Plan.

6. Defendant Life Insurance Company of North America maintains an office and conducts business at 50 South 16th Street, Two Liberty Place, Philadelphia, Pennsylvania 19102. Defendant issued, insured, funded, administered, and/or made benefit determinations under the disability coverage at issue.

7. At all times relevant to this action, BAE Systems, Inc. sponsored an employee welfare benefit plan providing short-term disability ("STD") benefits to eligible employees (the "Plan").

8. The Plan is an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1).

9. The Plan is identified by Plan Number SHD-0985161.

10. Plaintiff's claim for benefits under the Plan is identified by Claim/Incident Number 13910682-01.

11. As an eligible employee of BAE Systems, Inc., Plaintiff was a participant in the Plan and was entitled to short-term disability benefits in accordance with the Plan's terms.

12. At all relevant times, Plaintiff was employed by BAE Systems, Inc.

13. Plaintiff's date last worked was June 5, 2024.

14. Plaintiff became unable to perform the material duties of his Regular Occupation as a result of a diabetic foot ulcer, status post amputation of the great toe with open wound.

15. Plaintiff's functional limitations prevented him from performing the material duties of his occupation as required by the Plan.

16. Plaintiff submitted medical and claim information to Defendant in support of his claim for short-term disability benefits.

17. Plaintiff has satisfied all conditions precedent to the recovery of benefits under the Plan, or such conditions have been waived, excused, or otherwise discharged.

18. Plaintiff timely submitted a claim for short-term disability benefits under the Plan.

19. By letter dated August 16, 2024, Defendant issued an initial adverse benefit determination denying Plaintiff's claim for short-term disability benefits.

20. In the August 16, 2024 initial denial letter, Defendant stated: "We do not dispute you may have been somewhat limited or restricted due to your subsequent diagnosis and treatment; however, an explanation of your functionality and how your functional capacity prevents you from performing your occupation beginning June 5, 2024, was not provided."

21. Plaintiff timely appealed the initial adverse benefit determination through Defendant's administrative appeal process.

22. By letter dated June 24, 2025, Defendant issued a final adverse benefit determination upholding the denial of Plaintiff's claim for short-term disability benefits.

23. Plaintiff has exhausted all administrative remedies required under the Plan and under 29 C.F.R. § 2560.503-1.

**STANDARD OF REVIEW**

24. Plaintiff contends that Defendant's adverse benefit determination should be reviewed de novo. Plaintiff does not concede that the Plan contains a valid, enforceable, and applicable grant of discretionary authority sufficient to alter the default de novo standard of review applicable to claims brought under ERISA § 502(a)(1)(B).

25. To the extent Defendant contends that arbitrary-and-capricious or abuse-of-discretion review applies, Plaintiff denies that contention, preserves all arguments for de novo review, and alternatively alleges that Defendant's adverse benefit determination was arbitrary and capricious, an abuse of discretion, unsupported by substantial evidence, contrary to the terms of the Plan, and erroneous as a matter of law.

COUNT I — CLAIM FOR BENEFITS UNDER ERISA § 502(a)(1)(B)

26. Plaintiff incorporates by reference each of the preceding paragraphs as if fully set forth herein.

27. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), authorizes a plan participant to bring a civil action to recover benefits due under the terms of the plan and to enforce rights under the terms of the plan.

28. Under the terms of the Plan, Plaintiff was and is entitled to short-term disability benefits because, solely because of a covered Injury or Sickness, Plaintiff was unable to perform the material duties of his Regular Occupation.

29. Defendant's denial of Plaintiff's claim for short-term disability benefits was wrongful and contrary to the terms of the Plan.

30. As a direct and proximate result of Defendant's wrongful denial, Plaintiff has been deprived of short-term disability benefits to which he is entitled under the Plan.

31. Plaintiff is entitled to recover all past-due short-term disability benefits owed under the Plan, together with prejudgment interest, attorney's fees and costs under ERISA § 502(g), 29 U.S.C. § 1132(g), and such other relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant as follows:

A. Awarding Plaintiff past-due short-term disability benefits from the date of termination through the date of judgment;

B. Awarding Plaintiff prejudgment interest on past-due benefits;

C. Awarding Plaintiff attorney's fees and costs under ERISA § 502(g) (29 U.S.C. § 1132(g)); and

D. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL

Plaintiff requests a trial on the administrative record.


Respectfully submitted,


/s/Nicholas Feden

Nicholas Feden
Feden Law Group PLLC
Attorney ID: 307902
711 West Ave.
Jenkintown, PA 19046
Tel. 267-234-7465
nfeden@fedenlawgroup.com
Attorney for Plaintiff